PER CURIAM.
Petitioners seek certiorari review of an order disqualifying their counsel, who were *1073 being assisted by a former lawyer, Mr. Deal. At the time Deal was employed by the parties, he was no longer admitted to the bar in any state.
Before petitioners and respondents, who were shareholders in a corporation, got into this dispute, Deal performed a legal audit which analyzed the legal condition of the corporation in five areas: corporate, intellectual property, regulatory and environmental, commercial, and risk assessment.
Subsequently, respondents sued petitioners alleging breach of fiduciary duty, conversion of corporate funds, and conspiracy and obtained an order temporarily enjoining petitioners from entering the corporate offices. When it became apparent in the litigation that Deal was assisting the petitioners, respondents moved for and obtained disqualification of petitioner’s counsel.
Section 90.502, Florida Statutes (1997) entitled “Lawyer-Client Privilege” defines lawyer in subsection (l)(a) as a “person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation.” Although Deal was not authorized to practice law, the trial court found that the respondents reasonably believed that he was, and there is evidence in the record to support that finding. We therefore agree with the trial court that petitioners’ lawyers should be disqualified from representing petitioners in their litigation against the respondents, who had formerly employed Deal and given him access to confidential information.
Certiorari denied.
POLEN, KLEIN and TAYLOR, JJ., concur.